UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE E. BIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>REGIONAL ACCEPTANCE CORPORATION,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-02980<br><br>JURY DEMAND |

## COMPLAINT

NOW comes NICOLE E. BIGGS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of REGIONAL ACCEPTANCE CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age and a resident of Cuyahoga County, Ohio, which is located within the Northern District of Ohio.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers. Defendant is a corporation organized under the laws of the State of North Carolina and is headquartered at 1424 East Fire Tower Road Greenville, NC 27858.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around 2016, Plaintiff financed the purchase of her personal automobile, a 2014 Nissan Altima, through Defendant.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around April 2019, Plaintiff began receiving calls to her cellular phone, (216) XXX-4963, from Defendant seeking to collect on the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4963. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has used several numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (877) 722-7299 and (866) 380-9730.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff has been subjected to pre-recorded messages, followed by a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Defendant's harassing collection campaigned caused Plaintiff to demand that it cease calling her cellular phone.

18. Despite Plaintiff's efforts, Defendant continued to regularly call her cellular phone through the filing of the instant action.

19. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Moreover, Defendant has also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

27. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without her consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

28. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NICOLE E. BIGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 27, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                          *Counsel for Plaintiff*
Admitted in the Northern District of Ohio        Admitted in the Northern District Ohio
Sulaiman Law Group, Ltd.                              Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com